UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NICOLE RENEE CROSBY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BONNIE ANN CROSBY, and KADE, Therapist Case Manager at Intermountain,<br><br>　　　　　Defendants. | Case No. 1:24-cv-00461-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

## INTRODUCTION

On October 2, 2024, Plaintiff Nicole Renee Crosby (Plaintiff) filed a pro se civil rights action against Bonnie Ann Crosby and "Kade," a therapist and case manager at Intermountain Hospital. Dkt. 1. Plaintiff alleges that Bonnie Ann Crosby lied about Plaintiff's involvement in grand theft, causing Plaintiff to be put in jail. Dkt. 1 at 1. Plaintiff alleges that Bonnie Crosby has been trying to have Plaintiff and Plaintiff's father murdered. *Id*. Bonnie Crosby apparently resides at a house owned by Plaintiff without Plaintiff's permission. *Id*. Plaintiff further alleges that "Kade," a therapist case manager at Intermountain Hospital, is incompetent and is wrongly attempting to have Plaintiff sent to the state mental hospital. *Id*. at 2.

On October 4, 2024, Plaintiff filed a mostly indecipherable document that appears to be a supplement to her original Complaint. Dkt. 3. She asserts that she owns land in Wendell, Idaho, and that companies such as "Links" and "Dig 4 U" have hauled away

truckloads of dirt from her land without paying for it over the past 10 to 15 years. She asserts that "cops," Bonnie, Candie, Beadz, Jansons, Veenstra, and the governor are "involved" in the illegal removal of the dirt from her property, and, therefore, she sues "Gooding County/Idaho State," but no specifics as to these state actors' or entities' involvement are alleged.

Plaintiff asserts that these acts constitute a federal crime. *Id*. at 3. The Complaint, with or without the supplement, states no cause of action upon which she can proceed. Plaintiff will be given leave to file a proper amended complaint within 21 days after entry of this Order to correct the deficiencies in the pleadings.

## REVIEW OF COMPLAINT

### 1. Standard of Law for Screening Pro Se Pleadings

The Court must review complaints filed by paupers seeking relief against state actors to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915. The Court liberally construes the pleadings to determine whether a case should be dismissed. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Under Rule 8 and 28 U.S.C. § 1915, the Court may dismiss some or all of the claims in an in forma pauperis complaint[1] for any of the following reasons:

- "insufficient facts under a cognizable legal" theory, *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984), meaning that the factual assertions, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable

---

[1] Plaintiff has not paid the fee or applied for in forma pauperis status.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

- for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009);

- "lack of a cognizable legal theory," *Robertson*, 749 F.2d at 534, including that the complaint fails to state a claim upon which relief may be granted, 28 U.S.C. § 1915(e)(2)(B), or the Court applies a procedural bar sua sponte (on its own), *see, e.g.*, *Hebrard v. Nofziger*, 90 F.4th 1000, 1006 (9th Cir. 2024) (affirming dismissal based on *Heck v. Humphrey*, 512 U.S. 477 (1994));

- frivolousness or maliciousness, 28 U.S.C. § 1915(e)(2)(B); or

- seeking monetary relief from a defendant who is immune from such relief. *Id*.

2. **Claims based on Criminal Statutes**

Criminal statutes provide no basis for civil liability. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). If Plaintiff believes that crimes have occurred, she may contact the county, state, or federal prosecutor's office, but only a prosecutor has authority to decide whether to file and pursue criminal charges. This Court has no authority to entertain criminal charges asserted by private individuals in a federal civil action.

3. **Potential Civil Rights Claims against Individuals**

To state a claim under 42 U.S.C. § 1983, the civil rights statute, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Here, Plaintiff has not shown that Bonnie or Kade are state actors, meaning *persons acting on behalf of the state*, rather than private persons acting for themselves or a private employer. Section 1983 supports a claim only when the alleged injury is caused by "state

action." *Jensen v. Lane Cnty.*, 222 F.3d 570, 574 (9th Cir. 2000). However, if a private actor aids the state or county in violating a plaintiff's rights, the joint action may show a sufficiently close nexus between the state and the private actor to warrant the court treating the private action as state action. *Id.* at 575. No plausible allegations of joint action as to any federal constitutional or federal statutory violation are alleged.

While some of the potential defendants listed in the supplement may be state actors, Plaintiff has not stated a set of factual circumstances showing that they violated her constitutional or federal statutory rights.

Another problem is that Plaintiff has not clearly stated any acts that amount to the violation of a federal right. She will be given leave to amend her Complaint to provide additional facts about how each Defendant's actions violated her constitutional rights and which right was violated.

### 4. Potential Civil Rights Claims against Gooding County

Under some circumstances, a local governmental entity, such as Gooding County, can be a proper defendant in a § 1983 action. *See Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 694 (1978). But local governments are not liable merely because they employ a person who allegedly violated the plaintiff's constitutional rights. To state a claim against a local governmental entity, the plaintiff must instead allege that execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains, which requires a showing that (1) the plaintiff was deprived of a constitutional right, (2) the governmental entity had a policy or custom, (3) the policy or custom amounted to deliberate indifference to the plaintiff's constitutional right, and (4) the policy or custom was the moving force

behind the constitutional violation. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001).

An unwritten policy or custom must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice. *Monell*, 436 U.S. at 691 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-168 (1970)). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

A plaintiff cannot simply restate these standards of law in a complaint, but must state the policy or custom at issue, and how it caused a violation of Plaintiff's rights. Plaintiff will be given leave to amend or omit this claim.

### 5. Claims against State of Idaho

The Eleventh Amendment provides "sovereign immunity" to states and state entities. The Eleventh Amendment's jurisdictional bar applies to states and state entities "regardless of the nature of the relief sought." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Moreover, only a "person" is amenable to suit under 42 U.S.C. § 1983, and a state is not considered a "person" under that statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, the State of Idaho should not be included in an amended complaint.

### 6. Potential Diversity Jurisdiction

Under the diversity statute, 28 U.S.C. § 1332, the federal court may hear state law

claims in very limited circumstances. Parties must be citizens of different states (meaning that every plaintiff and defendant must be from a different state), and the amount in controversy must be over $75,000.00. From the limited facts provided, the Court concludes that Defendants appear to be residents of Idaho, like Plaintiff. In addition, Plaintiff cannot reach back "10 to 15 years" to accumulate damages, when the state statutes of limitations do not cover that extensive time period. Therefore, on the facts asserted, this case does not qualify for diversity jurisdiction in federal court.

### 7. Conclusion

Plaintiff cannot proceed on her current filings. The Court will permit Plaintiff to file one complete, legible amended complaint to remedy the deficiencies and address the issues set forth above. The amended complaint must be intended to replace all current complaints and supplements.

In addition, Plaintiff must either pay the filing fee or file an in forma pauperis application. That deficiency, alone, will cause dismissal of this case and entry of judgment without further notice if it is not remedied within 21 days after entry of this Order.

### 8. Disqualification of Presiding Judge

Finally, Plaintiff has stated in her supplement: "I don't want Judge Nye on this." Dkt. 3 at 1. This statement is not a proper motion for disqualification of the presiding judge, because the litigant must `show bias or prejudice. *See* 28 U.S.C. §§ 144, 455. In particular, the party seeking disqualification must file a "sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against [her]n or in favor of any adverse party." 28 U.S.C. § 144. The affidavit must "state the facts and the reasons

for the belief that bias or prejudice exists" and must be made in good faith. *Id*. Plaintiff will be given leave to file a proper motion.

## ORDER

**IT IS ORDERED:**

1. Within **21 days** after entry of this Order, Plaintiff must file an amended complaint to remedy the deficiencies and address the issues set forth above. Failure to do so will result in dismissal of this case without prejudice without further notice.

2. Within **21 days** after entry of this Order, Plaintiff must either file a Motion to Proceed in Forma Pauperis or pay the $405 filing fee to the Clerk of Court. Failure to take financial responsibility for this case, regardless of any other action Plaintiff takes in this case, will result in dismissal without prejudice without further notice.

3. Plaintiff's request for recusal or disqualification, contained in her Complaint, is DENIED without prejudice. Plaintiff may file another motion that is supported by a proper factual basis, if she has additional facts upon which disqualification would be warranted.

DATED: February 7, 2025

_____
David C. Nye
Chief U.S. District Court Judge